[Nos. 34576, 34532. Department Two. October 17, 1958.]

*In the Matter of the Estate of* JEANETTE AUGUSTA BUSH, *Deceased.*

CLAUDIA WALKER, *Appellant*, v. CALVIN C. CULP, *as Administrator, et al., Respondents.*[1]

*Claudia Walker, pro se.*

PER CURIAM.—These two appeals relating to the estate of Jeanette A. Bush have been consolidated in this court. None of the respondents named in the notices of appeal has appeared in this court. No oral argument was made by appellant, and the cause has been submitted on her brief.

Mrs. Bush, a divorcee, died testate in Seattle on September 7, 1955, leaving an estate therein subsequently appraised at $1,927.50, consisting solely of personal property. The principal asset was the sum of $1,870.88 on deposit in her savings account in a Seattle bank.

Mrs. Bush left four heirs at law—two nieces and two nephews—all residing in California. Her nonintervention will, executed September 23, 1947, at Spokane, named

[1]Reported in 330 P. (2d) 573.

Violet Konitzer, one of her nieces, and Gaither Konitzer, one of her nephews, as sole residuary legatees. Violet Konitzer was nominated as executrix to serve without bond, but she failed to qualify. In her will, Mrs. Bush neither named nor provided for her niece Claudia Walker, appellant, nor for her nephew William R. Waller, appellant's brother.

Immediately after the death of Mrs. Bush, Violet Konitzer was notified thereof, but she declined to assume responsibility for her aunt's burial. Arrangements were thereafter made by the department of public assistance, and the body of Mrs. Bush was interred in the state of Washington at public expense.

Several months later, appellant learned of her aunt's death and began an investigation of the events surrounding her death and burial, and of the assets of her estate. Particularly, appellant sought to have the body exhumed for reburial in the Russell family plot in Dixon cemetery, Dixon, California.

Upon appellant's petition, a Seattle attorney was appointed by the King county superior court to serve as administrator with the will annexed of Mrs. Bush's estate. He qualified and served in that capacity.

As Mrs. Bush had been an old age assistance recipient for several years prior to her death, the state department of public assistance, on behalf of the state of Washington, filed a claim for $7,360.81 against the estate, pursuant to RCW 74.08.111 (repealed by Laws of 1957, chapter 63, § 11, p. 262, except as provided in § 4 thereof).

Appellant made numerous trips from her home in San Francisco to Seattle in connection with her investigation concerning Mrs. Bush's death and burial, the location of her assets, and the management of the estate. On January 18, 1957, she filed an amended claim totaling $929.64. (Subsequently, appellant filed a supplemental claim for $456.20.)

On that date, appellant, the administrator with the will annexed, and the state of Washington, through the attorney general, entered into a written agreement which provided

that (1) the estate would be probated to completion, including a decree of distribution; (2) that valid claims, other than those of the parties thereto, having legal priority over the claim of the state would be paid; (3) the administrator would receive $500 as full compensation for his services; (4) the funds remaining in the estate would be equally divided between the state of Washington and appellant as full and final payment for all costs, expenses, and claims whatsoever against the assets then in the estate, and (5) the administrator would apply to the probate court for authority to pay $456.20 out of said estate to appellant for reburial, such sum to be charged against the share ultimately due appellant. The agreement also provided that any sum in addition to the sum of $456.20 expended in connection with the reburial of the decedent would be assumed by appellant.

By order of the probate department of the King county superior court, entered January 22, 1957, this agreement was approved and confirmed. This order also authorized appellant to arrange and complete the disinterment of the decedent's body and its reburial at Dixon, California.

Pursuant to due notice, the administrator's final report and petition for decree of distribution came on for hearing May 27, 1957. The court entered an order approving the administrator's final account and decreeing distribution in accordance with the agreement of January 18, 1957.

Appellant has appealed from that order. In her brief, she makes seven assignments of error. The last of these is procedural, and, for the purpose of this opinion, we have assumed, without deciding, this assignment to be well taken, thereby permitting our consideration of her contentions on the merits. Appellant's remaining assignments of error concern matters foreclosed by her agreement of January 18, 1957. Our disposition of her fifth assignment of error obviates a discussion of the remainder.

It is appellant's contention that the superior court exceeded its jurisdiction in approving and confirming the written agreement of January 18, 1957, and in decreeing

that the estate be distributed in accordance therewith. Appellant complains that she was induced to enter into the agreement by "blackmail" and that she was under "duress" at the time.

▉ Appellant has included in the transcript prepared by the clerk several of her affidavits which contain broad assertions of mismanagement and improvident administration of this estate. Even considering these as properly before us (although not identified by the superior court judge as a part of the proceedings which occurred before him), we fail to find any evidence whatever tending to show that appellant was overreached by either the administrator or the state department of public assistance, or by the superior court. The burden was upon appellant to prove fraud by clear, cogent, and convincing evidence. She did not sustain this burden.

Under the decree of distribution, and in accordance with her agreement, appellant was paid $456.20 for the reburial of her aunt, and $117.47 in cash. She thus received a total of $573.67 in cash, pursuant to her agreement.

We note, parenthetically, that the administrator paid $70.91 to the state tax commission (inheritance tax division) for inheritance taxes based on the value of that portion of the estate received by appellant. Since appellant has not assigned error in this regard, the propriety of this payment is not before us. We therefore express no opinion thereon.

Appellant has thus received benefits aggregating $644.58. The state (welfare department) has received an equal amount.

▉ ▪ Having obtained and retained substantial benefits under her contract of settlement, appellant will not now be heard to repudiate it.

The decree of distribution is hereby affirmed.

———————

December 9, 1958. Petition for rehearing denied.